ORIGINAL

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JAN 2 5 2016

CLERK, U.S. DISTRICT COURT
By _____
Deputy

|  |  |  |
|---|---|---|
| AMY GONZALEZ | ) | |
| *Plaintiff.* | ) | |
|  | ) | CIVIL ACTION NO. |
| v. | ) | |
|  | ) | 4-16CV-061 O |
| CHARTER COMMUNICATIONS, INC. | ) | |
| D/B/A CHARTER COMMUNICATIONS | ) | |
| (I), INC. | ) | |
| *Defendant.* | ) | |
|  | ) | TRIAL BY JURY DEMANDED |
|  | ) | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Amy Gonzalez, complains of Charter Communications, Inc. d/b/a Charter

Communications (I), Inc. Defendant, and for cause of action would respectfully show as follows:

## PRELIMINARY STATEMENT

1. This is an action for statutory damages brought by individual, Plaintiff Amy Gonzalez

   against Defendant Charter Communications, Inc. d/b/a Charter Communications (I), Inc.

   for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §

   227(b)(1)(A)(iii).

2. Plaintiff contends that the Defendant has violated such laws by calling Plaintiffs cellular

   telephone using an automatic telephone dialing system as defined by the Telephone

   Consumer Protection Act, 47 U.S.C. §227(a)(1) without express consent to do so.

   Plaintiff informed Defendant on two separate occasions to stop calling her cellular

telephone. Defendant ignored Plaintiff's request to stop calling and continued to place calls.

3. Plaintiff contends that the Defendant has acted voluntarily, intentionally and under its own free will and knew or should have known that Defendant was engaged in acts that constitute violations of the TCPA.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3).

5. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1391b because Defendant engages in business within this state.

6. Venue is proper pursuant to 28 U.S.C. §1391b and 47 U.S.C. §227(b)(3) .

7. Venue in the Northern District of Texas, Fort Worth Division is proper in that the Plaintiff resides in State of Texas, Tarrant County, City of Fort Worth, the Defendant transacts business here, and the conduct complained of occurred here.

## PARTIES

8. The Plaintiff in this lawsuit is Amy Gonzalez (Mrs. Gonzalez), a natural person and a citizen of Tarrant County, Texas.

9. Defendant in this lawsuit is Charter Communications, Inc. d/b/a Charter Communications (I), Inc. (herein after "Charter Communications") a company with principal office at 12405 Powerscourt Drive, Saint Louis, MO 63131-3674.

10. Charter Communications may be served with process by serving: Corporation Service Company d/b/a CSC-Lawyers Inco., 211 E. 7th Street, Suite 620, Austin, TX 78701.

## FACTUAL ALLEGATIONS

11. The telephone number (209) 261-0600 is assigned to a cellular telephone belonging to Mrs. Gonzalez.

12. Charter Communications called the cellular telephone number (209) 261-0600 on the following dates and times:

    1. January 19, 2015 at 9:06 p.m.
    2. January 30, 2015 at 9:07 p.m.
    3. February 03, 2015 at 9:04 p.m.
    4. February 04, 2015 at 9:14 p.m.
    5. February 16, 2015 at 3:03 p.m.
    6. February 16, 2015 at 3:05 p.m.
    7. February 17, 2015 at 9:04 p.m.
    8. February 19, 2015 at 3:02 p.m.
    9. February 20, 2015 at 8:07 p.m.
    10. February 28, 2015 at 01:23 p.m.
    11. March 04, 2015 at 01:54 p.m.
    12. March 25, 2015 at 2:06 p.m.

13. On February 17, 2015 at 09:04 p.m. and February 28, 2015 at 01:23 p.m., the telephone calls were answered and Charter Communications was informed to stop calling the cellular telephone.

14. Charter Communications placed an additional five (5) calls after being informed to stop calling Plaintiff's cellular phone.

15. Upon information and belief, Charter Communications used an automatic telephone dialing system to dial Mrs. Gonzalez wireless cellular phone as defined by the Telephone Consumer Protection Act, 47 U.S.C. §227(a)(1). Each time the telephone call was answered there was a noticeable period of silence before a representative came on the line.

16. Charter Communications called Mrs. Gonzalez cellular telephone number for a non-emergency purpose.

17. Mrs. Gonzalez had no prior established relationship with Charter Communications and has never given her express consent, written or otherwise to contact her cellular phone.

18. The acts alleged herein all took place in Tarrant County, Texas in that the communications were received there.

## COUNT I

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227(b)(1)(A)(iii) BY DEFENDANT CHARTER COMMUNICATIONS, INC. D/B/A CHARTER COMMUNICATIONS (I), INC.

19. Paragraphs 1 through 18 are re-alleged as though fully set forth herein.

20. Mrs. Gonzalez and Charter Communications at this time do not have an established business relationship within the meaning of 47 U.S.C. §227(a)(2).

21. Charter Communications called Mrs. Gonzalez cellular telephone using an "automatic telephone dialing system" within the meaning of 47 U.S.C. §227(a)(1).

22. 47 U.S.C. §227(b)(1)(A)(iii) which states in part;

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

(1) PROHIBITIONS. —It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

23. In each telephone communication referenced in ¶12, Charter Communications has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the *capacity* to automatically call the Mrs. Gonzalez number (209) 261-0600, which is *assigned to a cellular telephone service*.

24. In each telephone communication referenced in ¶12, Charter Communications has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227 (b)(1)(A) by using an automatic telephone dialing system or used a telephone dialing system that has the *capacity* to automatically call the Plaintiff's cellular telephone number (209) 261-0600, which is assigned to a cellular telephone service *with no prior express consent* and for *no emergency purpose.*

**WHEREFORE**, Mrs. Gonzalez prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or admission from the Defendant(s) that they violated the Telephone Consumer Protection Act;

b) Awarding Mrs. Gonzalez statutory damages, pursuant to 47 U.S.C §227(b)(3)(B); which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

c) Awarding Mrs. Gonzalez statutory damages, pursuant to 47 U.S.C §227(b)(3)(C); which states in part: If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

d) Awarding such other and further relief as the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Mrs. Gonzalez is entitled to and hereby demands trial by jury.

Dated:  January 22, 2016

Respectfully Submitted,

Amy Gonzalez
416 Chatamridge Court
Fort Worth, TX 76052
(817) 909-8558
gonamyleigh@yahoo.com

CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Amy Gonzalez

ORIGINAL

**DEFENDANTS**

Charter Communications, Inc. d/b/a Charter Communications (I), Inc.

**(b)** County of Residence of First Listed Plaintiff    Tarrant
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    St. Louis
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

4-16CV-061 0

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227 (b)(1)(A)(iii)
Brief description of cause:
Violations of the Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY

*(See instructions):*   JUDGE ___   DOCKET NUMBER ___

DATE
01/22/2016

SIGNATURE OF ATTORNEY OF RECORD
*(signature)*

FOR OFFICE USE ONLY
RECEIPT # FWO25758   AMOUNT $400   APPLYING IFP   JUDGE 0   MAG. JUDGE